UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Case No. 8:13-Cv-1771-T-27TGW
8:92-CR-213-T-15TGW

JOSE GABRIEL AVILES

_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Cv-D-1; Cr-D-433).

To put this matter in context, Petitioner was convicted in 1992 of conspiracy to possess with the intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846.   The Court sentenced Petitioner to mandatory life because he had two prior state felony convictions.   On July 28, 1995, the Eleventh Circuit affirmed Petitioner's conviction and sentence.

On April 17, 1998, Petitioner filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.   On June 17, 1999, the Court dismissed the motion as untimely.   The Eleventh Circuit dismissed Petitioner's appeal of that order for want of prosecution.   .

On August 7, 2007, Petitioner filed a motion with the

United States District Court for the Central District of Illinois attacking the two State convictions relied upon by this Court to enhance Petitioner's sentence.   Petitioner's motion was transferred to this Court, and by order dated September 27, 2007, this Court denied the motion.   Petitioner appealed the denial of his motion.   The Eleventh Circuit dismissed the appeal as frivolous.

In June 2009, Petitioner filed another motion styled "Petition for a Writ of Error Coram Nobis."   Therein, Petitioner attacked the validity of his 1974 conviction for sale of a controlled substance.   He claimed his 1974 conviction should not have been relied upon for purposes of the enhancement under 21 U.S.C. § 851, and, as such, his life sentence must be vacated.   By order dated July 1, 2009, the Court found coram nobis relief was not available and, further, that it could not construe the petition as a motion for relief under § 2255 because Petitioner had not sought leave to file a successive § 2255 motion under 28 U.S.C. §§ 2244(b)(3)(A). On May 25, 2010, the Eleventh Circuit affirmed the Court's denial of the motion.

In February 2011, Petitioner filed with the Eleventh Circuit an application for leave to file a successive § 2255

motion (Case No. 11-10837).  In his application, he claimed that this Court failed to comply with the provisions of 21 U.S.C. § 851(b) at sentencing.  He further claimed that he was sentenced without the aid of an interpreter.  While his application was pending, Petitioner filed a motion in this Court in March 2011 seeking to "correct the court record."  He argued that the sentencing minutes incorrectly reflected that an interpreter was present.  The Court found that an interpreter was indeed present at the sentencing and that there was no error in the sentencing minutes.  Four days later, the Eleventh Circuit denied Petitioner's application for leave to file a successive § 2255 motion.

On January 13, 2013, Petitioner filed another motion, under the guise of Rule 60(b), asserting one of the same claims that the Eleventh Circuit previously denied him permission to raise in a successive § 2255 motion. Specifically, Petitioner claimed that the Court failed to inquire of Petitioner at sentencing whether he intended to challenge his prior convictions, and, as such, the original judgment is void.  He further claimed his attorney was ineffective in failing to advise him of his right to challenge the state convictions.  The Court dismissed the motion for

3

lack of jurisdiction.

On July 5, 2013, the Court received another § 2255 motion from Petitioner attacking his sentence.   Petitioner claims that his life sentence must be vacated because his prior convictions were not charged in the Indictment nor proven to a jury beyond a reasonable doubt.   Petitioner relies on Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151, 2155 (2013), in which the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury."

First, Petitioner's motion is successive.   Prior to filing a second or successive § 2255 motion, a prisoner must seek leave from the appropriate court of appeals authorizing the district court to consider the motion.   28 U.S.C. §§ 2244(b)(3)(A); 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005).   Because Petitioner did not obtain permission from the Eleventh Circuit to file his motion, the Court lacks jurisdiction to consider the motion.

Even if the motion was not successive, Petitioner would not be entitled to relief.   Specifically, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).   In Almendarez-

4

Torres, the Supreme Court held that, for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proven beyond a reasonable doubt. 523 U.S. 224, 226-27, 239-40. Notably, Alleyne did not overrule Almendarez-Torres. See Alleyne, 133 S.Ct. at 2160 n.1 (noting that "[i]n Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.")

IT is therefore ORDERED that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Cv-D-1; Cr-D-433) is DISMISSED for lack of jurisdiction.

(2) The Clerk is directed to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a

district court's denial of his petition.    28 U.S.C. §
2253(c)(1).    Rather, a district court must first issue a
certificate of appealability (COA).   Id.   "A [COA] may issue
… only if the applicant has made a substantial showing of the
denial of a constitutional right."   Id. at § 2253(c)(2).   To
make such a showing, a petitioner "must demonstrate that
reasonable jurists would find the district court's assessment
of the constitutional claims debatable or wrong," Tennard v.
Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel
529 U.S. 473, 484 (2000)), or that "the issues presented were
'adequate to deserve encouragement to proceed further,'"
Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting
Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).
Petitioner has not made the requisite showing in these
circumstances.   Finally, because Petitioner is not entitled to
a certificate of appealability, he is not entitled to appeal
in forma pauperis.

   DONE AND ORDERED at Tampa, Florida this 12th day of July,
2013.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

6